No. 4108.

(Court of Appeal, Parish of Orleans.)

## PATRICK PRESCOTT vs. WM. H. FLYNN.

Issues of fact alone are involved herein, and the opinion of the District Judge is approved and adopted.

Appeal from Civil District Court, Division A.

Robert Legier and Walter L. Gleason, for plaintiff and appellee.

J. B. Rosser, Jr. and Geo. W. Flynn, for defendant and appellant.

DUFOUR, J. On October 1st, 1905, plaintiff leased to defendant certain premises for one year at the rate of $30.00 per month, payable on the first day of each month for the rent of the previous month, and the lease contained a clause that a failure to pay any instalment promptly at maturity would make the rent for the entire time exigible.

In December defendant paid the rent for October and November, and on January 22, 1906, the December rent not having been paid, the plaintiff sued for the whole rent.

The defence is that the plaintiff, by accepting delayed payments under the instant lease and preceding leases, had induced defendant to believe that the clauses as to prompt payments and the maturity of all the instalments by the failure to pay one had been waived.

It is further urged that, as the whole rent was not exigible and only one instalment of $30.00 was due, the District Court was without jurisdiction *ratione materiae.*

In giving judgment for plaintiff our learned brother of the District Court said:

"By the terms of the lease, defendant's failure to pay the rent instalments as maturing entitle plaintiff to judgment for the entire rent for which he has sued. It is true, that it is shown that plaintiff had accepted arrearages of rent. If, when sued, and thus finally put in default, the defendant had paid or offered to pay the amount of rent then due, there would be force in the estoppel pleaded. * * * * * * But this the defendant did not do; he has paid no part of the rent sued for and hence is liable for the whole amount."

The reasons given for refusing a new trial are as follows:

"I have examined the prior leases presented with the motion for a new trial. Testimony was heard in regard to the prior leases and it was shown that plaintiff had not as a rule exacted punctual payment of his rent at maturity, but had indulged defendant and received payment of arrears of rent. If, when plaintiff filed this suit (which is one method of putting in default) the defendant had paid the rent then due, or had, as the subsequent rent matured, paid it, as Mrs. Mandot did, in Bacas vs. Mandot, (No. 3872 Court of Appeal) this case would fall under the rule recognized there."

Our examination of the record has led us to the same conclusion as was reached by our brother, and we do not find it necessary to add anything to the reasons for judgment assigned by him.

Judgment affirmed.

January 28, 1907.

Rehearing refused February 18, 1907.